The STATE of Ohio, Appellee,

v.

CORTNER, Appellant.

[Cite as *State v. Cortner* (1992), 76 Ohio App.3d 648.]

Court of Appeals of Ohio,
Seneca County.

No. 13-91-26.

Decided March 9, 1992.

*Donald Guernsey,* City Prosecutor, for appellee.

*Kalniz, Iorio & Feldstein* and *Jay E. Feldstein,* for appellant.

THOMAS F. BRYANT, Judge.

This is an appeal from a judgment entered in the Fostoria Municipal Court, finding defendant-appellant, Susan Cortner, guilty of one count of disorderly conduct in violation of R.C. 2917.11(A)(1).

Appellant is a teacher in the Fostoria City Schools and, at the time of her conviction, had been so employed for eight years. For the last three years, she has been a teacher for the severe behaviorally handicapped class. Appellant had repeated disciplinary problems with Richard Ramsey, a student in her class. Richard had bitten appellant once and punched her twice in the months preceding the incident that is the subject of this prosecution.

On April 27, 1990, appellant took her class to the YMCA for swimming lessons. Richard refused to go into the pool, which led to a verbal exchange between him and appellant. Appellant informed Richard that he would lose his afternoon privileges if he did not participate in the swimming lesson. Richard eventually got into the pool after appellant instructed him three times to do so.

Upon returning to school following the swimming lesson, appellant informed Richard that he could not go to gym class that afternoon due to his behavior at the swimming class. Richard became angry and allegedly began to throw things. He then attempted to leave the classroom to go to the principal's office, but was blocked by appellant. Richard then allegedly started throwing things about the room again and appellant placed her arms

around his arms and body to prevent him from injuring other students in the room. While in this position, Richard bent forward and then raised up quickly causing appellant's mouth to come in contact with his shoulder.

At this point, Richard yelled "she bit me," appellant let go of him and he ran out of the room. Richard then went into the office of Mr. Echelberry, who was in charge of maintenance at the school, and was followed by appellant's teacher's aide. Appellant then entered Echelberry's office, placed her hand on Richard's arm and allegedly held it behind his back. She testified that she did this to get him under control and back to the classroom. Richard freed himself from appellant's grasp and ran out the door.

■ Following a trial to the bench, appellant was convicted of one count of disorderly conduct in violation of R.C. 2917.11(A)(1) as a result of the events that occurred on April 27, 1990. On appeal, she asserts one assignment of error:

"Under the facts and circumstances of this case[,] the finding of the trial court was against the manifest weight of the evidence as the trial court failed to correctly interpret and apply the statutory privilege conferred upon appellant in Ohio Revised Code Section 3319.41 to the facts at hand in conjunction with the stipulation of facts entered into by the parties."

Appellant was convicted of violating R.C. 2917.11(A)(1), which provides:

"(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:

"(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior[.]"

R.C. 2901.22(C) provides that:

"(C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

Although we have reservations about applying R.C. 2917.11(A)(1) to the conduct of teachers in the classroom, we hold, as a matter of law, that holding Richard's arm behind his back, under these circumstances, does not rise to the level of recklessness as defined in R.C. 2901.22(C). It could not reasonably be found that appellant acted "with heedless indifference to the consequences" or perversely disregarded a known risk that her conduct was likely to cause a certain result.

R.C. 3319.41 allows teachers to use force on pupils in certain circumstances. That statute provides:

"(A) Except as otherwise provided by rule of the board of education adopted pursuant to section 3313.20 of the Revised Code or of the governing body of the private school, a person employed or engaged as a teacher, principal, or administrator in a school, whether public or private, may inflict or cause to be inflicted, reasonable corporal punishment upon a pupil attending such school whenever such punishment is reasonably necessary in order to preserve discipline while such pupil is subject to school authority.

"(B) Persons employed or engaged as teachers, principals, or administrators in a school, whether public or private and noncertified school employees and school bus drivers may, within the scope of their employment, use and apply such amount of force and restraint as is reasonable and necessary to quell a disturbance threatening physical injury to others, to obtain possession of weapons or other dangerous objects upon the person or within the control of the pupil, for the purpose of self-defense, or for the protection of persons or property."

Nothing in the record indicates that the trial judge considered appellant's conduct in the context of R.C. 3319.41. There is also nothing to indicate that the trial judge considered the reasonableness of appellant's conduct pursuant to R.C. 2919.22(B), which provides in pertinent part:

"(B) No person shall do any of the following to a child under eighteen years of age * * *:

" * * * *

"(2) Torture or cruelly abuse the child;

"(3) Administer corporal punishment or other physical disciplinary measure, or physically restrain the child in a cruel manner or for a prolonged period, which punishment, discipline, or restraint is excessive under the circumstances and creates a substantial risk of serious physical harm to the child[.]"

The record contains nothing from which it could be found that appellant's conduct constituted unreasonable restraint which was not used to quell a disturbance that threatened physical injury to other students in the classroom as well as to appellant and her aide. It is undisputed that Richard was a student in appellant's class and that appellant was acting within the scope of her employment. We find nothing in the record to indicate that appellant restrained Richard in a cruel manner or for a prolonged period which was excessive and created a substantial risk of serious physical harm to him.

In *State v. Hoover* (1982), 5 Ohio App.3d 207, 5 OBR 470, 450 N.E.2d 710, an assistant superintendent was convicted of assault arising out of an incident

with a student. The Court of Appeals for Ottawa County reversed the conviction, finding that the trial court erred in holding that R.C. 3319.41 created an affirmative defense to be proven by the accused. The court held that, in order for the state to find the defendant guilty of assault in violation of R.C. 2903.13(A), "it must prove not only the elements of assault contained therein but also must prove beyond a reasonable doubt that the corporal punishment was unreasonable and was not reasonably necessary to preserve discipline as set forth in R.C. 3319.41." *Id.* at 210, 5 OBR at 473, 450 N.E.2d at 713. The court went on to note that the reasonableness of the defendant's conduct had to be considered in light of R.C. 2919.22(B).

Just as in *Hoover*, the state in this case had the burden of proving all elements of disorderly conduct contained in R.C. 2917.11(A)(1), and it also had the burden of proving that appellant's conduct was not reasonably necessary to preserve discipline as provided for in R.C. 3319.41. The record contains nothing from which it might be found that the state proved beyond a reasonable doubt that appellant's conduct was not reasonable in accordance with R.C. 3319.41. Accordingly, appellant's assignment of error is sustained.

The judgment of the Fostoria Municipal Court is reversed and the cause is remanded to that court with instructions to dismiss the complaint and to discharge the appellant, Susan Cortner.

*Judgment reversed,*
*cause remanded*
*and defendant discharged.*

HADLEY, P.J., and SHAW, J., concur.